UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WAYLON DRAKE BILLIPS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-02299** |
| **JEFFERSON PARISH CORRECTIONAL CENTER, JEFFERSON PARISH POLICE DEPARTMENT, ET. AL.** | **SECTION "H"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**.

### I.     Factual Background

#### A.     The Complaint

The plaintiff, Waylon Drake Billips ("Billips"), a pre-trial detainee, was formerly incarcerated at the Jefferson Parish Correctional Center in Gretna, Louisiana.[1] He filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Deputies Keidrick Richards, Geoffrey Walker, and Jarren Abron. Rec. Doc. 1. He also filed suit against the Jefferson Parish Correctional Center, Jefferson Parish Police Department, the 24th Judicial District Court for Jefferson Parish ("JDC"), and the "Judicial System." *Id*. Also, as additional defendants, is ADA Kellie Rish, Attorney Joseph Perez, Judge Danyelle Taylor and Major Edward Olson, and Captain Bryan Bordelon. *Id*.

---

[1] Billips presently resides in Canton, Mississippi. *See* Rec. Doc. No. 14.

Billips alleges that all of the named officers broke the law and violated the federal and state constitution. According to the claimant, he is not a slave, but a citizen, and that these individuals have not held their office in an upright manner. He alleges he has been in Jefferson Parish Correctional Center for 17 months at the time of his filing. He alleges that he was first arrested on August 18, 2020, and the "misused" by the correctional defendants began on November 30, 2020. *See* Rec. Doc. 1.

Billips contends that he seeks justice and a "little compensation" for the mistreatment by each of the defendants. *Id*. He alleges that the deputies are engaged in organized crime even though they took an oath to uphold the law. He therefore seeks to have them relieved of their jobs. He denies having committed a crime but is in jail due to racism. He alleges that he seeks fair treatment.

## II.   Standard of Review for Frivolousness

Titles 28 U.S.C. § 1915(e), § 1915A and 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 323 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint. *See Seaberry v. Edwards*, No. 11-0066, 2011 U.S. Dist. LEXIS 31660, at *4 (E.D. La. Feb. 15, 2011).

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *see also Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably

2

meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quotation omitted). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *see Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *See Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see also Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.   Analysis**

**A.   Jefferson Parish Correctional Center, Jefferson Parish Police Department, Judicial System and 24th Judicial District Court of Jefferson Parish**

Billips filed suit against the Jefferson Parish Correctional Center, Jefferson Parish Police Department, the Judicial System, and the 24th Judicial District Court of Jefferson Parish, for damages arising out of his arrest.

Plaintiff brought this federal civil rights action pursuant to 42 U.S.C. § 1983, claiming that he suffered minor burns because the water was too hot in the shower at the Jefferson Parish Correctional Center. That statute provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983 (emphasis added). Plaintiff's claim therefore fails for two reasons.

First, plaintiff has sued only the Jefferson Parish Correctional Center. The Correctional Center is not a proper defendant. It is a building, not a "person" subject to suit under § 1983. *James v. Jefferson Parish Correctional Center*, Civ. Action No. 07–4231, 2008 WL 1927399, at *2 (E.D.La. Apr. 30, 2008); *see also Castillo v. Blanco,* Civ. Action No. 07–215, 2007 WL 2264285, at *4 (E.D.La. Aug. 1, 2007); *Martinez v. Larpenter,* Civ. Action No. 05–874, 2005 WL 3549524, at *5 (E.D.La. Nov. 1, 2005); *Cullen v. DuPage County*, No. 99–C–1296, 1999 WL 1212570, at *1 (N.D.Ill.Dec. 14, 1999); *Whitley v. Westchester County Correctional Facility Administration,* No. 99–CIV–0420(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D.Ill.1993); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D.N.C.1989); *Mitchell v. Chester County Farms Prison*, 426 F.Supp. 271, 274 (E.D.Pa.1976). Second, there is no such entity as the "Jefferson Parish Police Department." Thus, the Court assumes that plaintiff intended to sue the Jefferson Parish Sheriff's Office.

However, a Louisiana Parish sheriff's office is simply not a legal entity capable of being sued. *See Cozzo v. Tangipahoa Parish Council–President Government*, 279 F.3d 273, 283 (5th Cir.2002); *see also Haywood v. Gusman,* Civ. Action No. 06–3517, 2008 WL 516714, at *3 (E.D.La. Feb. 26, 2008); *Wetzel v. St. Tammany Parish Jail*, 610 F.Supp.2d 545, 548 (E.D.La.2009); *Smith v. St. Tammany Parish Sheriff's Office*, Civ. Action No. 07–3525, 2008 WL 347801, at *2 (E.D.La. Feb. 6, 2008); *Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898, 904 (E.D.La.2001); *Ruggiero v. Litchfield,* 700 F.Supp. 863, 865 (M.D.La.1988).

Third, Billips sued the "Judicial System," a non-legal entity. As stated above, a non-legal entity is not capable of being sued. Further, the statute provides that a claim can be brought against

4

a citizen or other person within the jurisdiction of the Court. The "Judicial System" is neither a person or a legal entity and therefore, the claim against it is frivolous and subject to dismissal.

Fourth, Billips named the 24th Judicial District Court as a defendant. However, a state court is not a person for purposes of suit under § 1983. *See Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997); *Harris v. Champion*, 51 F.3d 901, 905 (10th Cir. 1995); *Clark v. Clark*, 984 F.2d 272, 272 (8th Cir. 1993); *Ward v. Morris*, 895 F. Supp. 116, 117 (N.D. Miss. 1995); *Moity v. La. State Bar Asso.*, 414 F. Supp. 180 (E.D. La. 1976). Under these circumstances, all claims against the 24th Judicial District Court must be dismissed as legally frivolous.

**B.     Judge Danyelle Taylor**

Billips also named Judge Danyelle Taylor ("Judge Taylor") as a defendant. Although not alleged expressly, presumably, his claim arises out of a decision made by Judge Taylor. Specifically, Judge Taylor's decision to detain Billips pending proceedings in the matter, even though he asserts his innocence.   He sets forth no other allegations that could be assigned to Judge Taylor. Generally, however, he complains about his detention.

"Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall,* 413 F.3d 510, 515 (5th Cir. 2005). It "applies even when the judge is accused of acting maliciously and corruptly...." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). It "extends to all judicial acts which are not performed in the clear absence of all jurisdiction." *Kemp ex rel. Kemp v. Perkins*, 324 Fed. App'x. 409, 411 (5th Cir. 2009) (citing *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985)). There are only two exceptions: (1) non-judicial actions, i.e., actions not taken in the judge's judicial capacity; and (2) lawsuits challenging actions taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

"In determining whether an action is judicial, a court looks to the nature of the act itself; that is, whether the challenged act is a function normally performed by a judge." *Id*. Courts consider four factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *See Ballard*, 413 F.3d at 515. "These factors are broadly construed in favor of immunity." *Id*. "Immunity may be applied even if one or more of these factors is not met." *Morrison v. Walker*, 704 F. App'x 369, 373 (5th Cir. 2017).

In this case, Billips sued Judge Taylor because of her involvement in his criminal proceeding. The only role that Judge Taylor would have been involved in, is as a judge in proceedings. Any ruling she may have rendered in the proceeding entitles her to immunity. Therefore, the claim against Judge Danyelle Taylor is frivolous and subject to dismissal.

    **C.**    **ADA Kellie Rish**

Billips also sued Assistant District Attorney Kellie Rish ("Rish"). Again, he does not set forth specific allegations, but presumably she is being sued because she is the prosecutor on his criminal case. Billips generally alleges that Rish, along with the other officers of the "Judicial System" ignore the law and make up their own rules. However, the ADA is immune from being sued for the reasons detailed below.

"Absolute immunity applies to activities, not offices." *Bryan v. City of Madison, Mississippi*, 213 F.3d 267, 271 (5th Cir.2000). Prosecutors enjoy absolutely immunity for activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424

U.S. 409, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976). The prosecutor is immune from civil suit "in initiating a prosecution and in presenting the State's case." *Id*. "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Kerr v. Lyford*, 171 F.3d 330, 337 (5th Cir.1999) (internal quotation and citation omitted).

Based upon the allegations in Billips' complaint, Rish is immune from suit by Billips. It is clear that Rish is being sued because she initiated his prosecution on behalf of the State of Louisiana. The claims against Rish should be dismissed as frivolous.

### D. Attorney Joseph Perez

Billips also named his public defender, Attorney Joseph Perez ("Perez") as a defendant. He does not, again, allege any facts against Perez. Generally, Billips lumps Perez in what he perceives to be the group of corrupt elected officials.

To state a claim under Section 1983, a plaintiff must allege that a defendant acted "under color" of state law. 42 U.S.C. § 1983. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981).

Attorney Perez did not act under color of state law. *See Amir-Sharif v. Dallas Cty. Pub. Defs. Office,* 233 F. App'x 364, 365 (5th Cir. 2007) (finding, where a plaintiff was concerned with the "quality of legal assistance being provided to him by appointed counsel and the public defender[,]" that "the attorney defendants ... are not state actors for § 1983 purposes."); *Linn v. Saitin,* 575 F. App'x 531, 532 (5th Cir. 2014) (affirming, where the plaintiff alleged that a public

defender and her supervisor rendered ineffective assistance, that the defendants were not state actors).

Billips' claim against Attorney Perez is the result of his representation of Billips in the matter before the 24th JDC. His claim remains pending, but he has failed to state any facts against Perez that could give rise to a claim. Further, Billips has not set forth any allegations of an act which would be under color of law. Therefore, the claim against Perez fails because its frivolous and subject to dismissal.

     **E.**    **Captain Bryan Bordelon and Major Edward Olson**

Billips also named Captain Bryan Bordelon ("Bordelon") and Major Edward Olson ("Olson") as defendants of the Jefferson Parish Sheriff's Office. Again, Billips has not made any assertions, except that he was taken to jail in handcuffs and shackles, and not released on bond "like other people." *See* Rec. Doc. 1. It is unclear from the complaint what Billips was charged with or that these supervisors had any direct involvement in some way regarding his detention.

However, a supervisory official cannot be held liable pursuant to §1983 under any theory of respondeat superior, simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Moreover, a state actor may be liable under § 1983. *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980). Specifically, only if a state actor was personally involved in the acts causing the deprivation of constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation. *Id*.

Both Bordelon and Olsen are in management positions within the jail. While Billips is incarcerated in the jail and alleges that incarceration is like being a slave, he has not alleged any personal knowledge or direct involvement by either Bordelon or Olson.  Therefore, the claims against these two supervisors is frivolous and should be dismissed with prejudice.

F.    **Deputy Keidrick Richardson and Geoffry Walker**

Billips alleges that Deputy Keidrick Richardson ("Richardson") and Deputy Geoffry Walker ("Walker") run the Jefferson Parish Correctional Center Administration. He alleges that they should be held criminally liable for holding him like he is a slave without resolving his criminal case. He further alleges that they deny him food when ever he wants to eat. He contends that they are not following the inmate handbook rules but fails to clarify the particular rules they have violated. Billips indicates that while the prison has a grievance procedure, he did not file a grievance.

The exhaustion provision of the PLRA states:

> "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being hauled into court. This requirement has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record. *See Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007). According to the Supreme Court, a district court should dismiss unexhausted claims as they are encountered. *See id*.

In this case, Billips concedes that he has not exhausted his conditions claim. The substance of his conditions claim is his perception that he should be allowed to eat as often as he chooses. He also generally complains that the officials are not following the prison handbook, but he fails to state an allegation of a particular failure on the defendant's part. The Court hereby finds that Billips' conditions claim is not exhausted and therefore is premature, and subject to dismissal.

### G. Jarren Abron

Billips next alleges claims against Jarren Abron ("Abron"), Sheriff Deputy with the Jefferson Parish Police Department, and also a named defendant. He generally alleges "all of these law enforcers have broken the law." *See* Rec. Doc. 1. He does not say what Deputy Abron did to violate the law. Naming a deputy without a statement detailing the claim to which relief is sought, fails to state a claim for which relief may be granted. *See* Fed. R. Civ. P. 8(a).

## IV. Recommendation

It is therefore **RECOMMENDED** that Billips' 42 U.S.C. § 1983 complaint against Jefferson Parish Correctional center, Jefferson Parish Police Department, 24th Judicial District Court for Jefferson parish, Judicial System, Deputy Keidrick Richardson, Deputy Geoffry Walker, Deputy Jarren Abron, ADA Kelly Rish, Attorney Joseph Perez, Judge Danyelle Taylor, Major Edward Olson, and Captain Bryan Bordelon be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e), § 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14)** days after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 18th day of October 2022.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.